UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : <br> : | CASE NO.: 00-6199-CR-FERGUSON |
| vs. | : | SENTENCING MEMORANDUM |
| ROBERT ESKIN, | : | |
| Defendant, | : | |
| _____/ | | |

This memorandum is being written to assist the Court in its determination of a sentence that would be appropriate in the above matter. The government has agreed through its written plea agreement filed with this court to a sentence at the low end of the guidelines as per the plea agreement with the prosecution. While, the Pre-Sentence Investigation Report supports a sentence in the range of 41 to 51 months, this memorandum is prepared to assist the court in imposing a sentence of 41 months. The memorandum will provide the Court with additional information in entering a final sentence.

The normal sentencing guideline procedure requires the court to review Pre-Sentence Investigation Report, using only the numbers provided, calculating the same and determining the number of years at the high, low or midrange of these numbers. No real personal input is considered by the defendant, the probation office or the Court. It is, as the Court is aware, a legislative determination to give "equality" to all individuals regardless of the nature of their participation for the most part, as well as the background of the person who is to be sentenced. By requesting the Court to consider imposition of a sentence in the lowest category, the Court is asked to take the opportunity to consider the makeup of the person sentenced as well as other

personal factors that would not normally be factored into the equation.

PUNISHMENT:

Before sentencing can take place, the Court must determine the purpose of the sentence. If it is for the purpose of punishment, the amount of time is based only upon how long society should be free of the person sentenced. Robert Eskin has been incarcerated since the indictment was presented. He has been well-behaved, following all procedures required of him and accepts the fact that he has committed a crime for which he will be incarcerated for substantial period of time. While the following information is not offered as an excuse, it is believed that the information provided will shed some light as to the makeup of Robert as an individual. He married Karen Bashore, his present wife and is assisting his infirmed father, presently in a nursing home facility, to handle his financial and emotional affairs. Robert has been a loving son and his care for his father, while now falling upon his brothers' shoulders, has led to a void in both of their lives. It is likely that with a sentence of 41 months, Robert's father, should he live to that time, will not be the same person, due to ill health and memory loss. It is hoped that with a sentence at the low end of the guideline (level 21, category II) that a meaningful relationship may still be available with his father upon Robert's release from incarceration. Being realistic, any imposition of time beyond the minimum, will most likely result in Robert's father being unable to know or recognize the son who has cared for him so lovingly.

He and his wife, Karen, had been separated and had only been reunited a short period of time when Robert was arrested. Karen is willing to aid in any way possible and intends to remain supportive while realizing that Robert will be incarcerated for a substantial period. While a sentence of 3 ½ years may be relatively short in comparison to other sentences involving

2


substantially greater incarceration, it is nonetheless lengthy. Many marriages have dissolved during lesser periods of absence. It is for these reasons (along with the government's agreement to the same), that the bottom end of the guideline is requested to be imposed.

Robert also has a son, Zachary, with whom he has an excellent relationship. Even with only a 41 month sentence, children grow and follow their own paths. Robert does not want to lose the bond that he has developed with his son due to a lengthy incarceration. While it will be difficult enough to maintain this relationship through the prison sentence that he faces at the low end of the guidelines, it becomes much more difficult to do so with each additional month of jail time.

When Robert was arrested, he agreed to and was debriefed by federal agents. All that he told them was true and correct. Due to the fact that he was a low level participant, he did not have the ability to give "substantial information" that would permit a downward departure pursuant to 5k1.1 of the U.S.S.G. He cooperated with the agents knowing that there was a likelihood that no reduction would be given. As the Honorable Judge Elizabeth Kovachavich (Senior Judge, Middle District of Florida) has stated on many occasions that the beginning of rehabilitation is acceptance of responsibility. A she has further stated, it does not matter whether the information provided is a glassful or a thimbleful, as long as the person is willing to give whatever they have. Robert has done so with his debriefing, guilty plea and acknowledgment of wrong doing.. As he has stated in his acceptance letter to the probation officers, he has begun his rehabilitation. Incarceration solely for the purpose of punishment, while an important element, only warehouses an individual and deprives him of his freedom and dignity. It is purely to keep the person in custody and away from society. Mr. Eskin has shown that his attitude at present as

well as his outlook to the future is a positive one and that while he accepts his punishment, his intention is to be a model citizen upon his release and to lead a law abiding life. His involvement in the instant offense was based upon his life-long "friendship" with the now confidential source. He knows that this was an error in judgment that will not happen again. While he was taken advantage of by this relationship, he is acutely aware that his own actions placed him in the present position for which he finds himself.

REHABILITATION:

If it is the intent of the sentence to assist in the rehabilitation of the prisoner, then that procedure has begun. Mr. Eskin has acknowledged his guilt by his plea of guilty and acceptance of responsibility given to the probation office. In addition, Robert intends to address the court at the time of his sentencing. As part of his statement it is anticipated that he will again advise the court of his contrition, his regret for what he has done to his wife and son who continue to support him and his embarrassment for his actions. It appears that Robert is well on his way to turning his life around and becoming an individual who has pride in himself and what he is capable of accomplishing as a law-abiding citizen.

While there is no question that the family suffers most as the result of the defendant's actions, Robert has a supportive wife and son. They are aware that Robert will be receiving a lengthy prison sentence. Knowing this they continue to give him encouragement and support. It is apparent that their love and affection for him was a contributing factor in his pleading guilty and wishing to serve his sentence and come home to them in the shortest possible time.

Lengthy sentences do nothing more then "institutionalize" a person. Rather than relying on the institution to care for him and meet his needs, Robert wishes nothing more than to be able

4

support his family as an honest, hard-working individual.

SENTENCING OPTIONS:

While the court must follow the guidelines in this case, the sentence may be within the range for this level and category - 21, category II. This permits the court to sentence from 41 months to 51 months. (While the PSI has included a DUI **arrest, not conviction** as a possible ground for upward departure, it is respectfully requested that the court not consider the same as it is too speculative and does not underestimate the seriousness of the defendant's criminal history. An objection for this inclusion has been made and attached as an addendum to the PSI) While it is up to the court to base its sentence on what would be fair and appropriate, nothing in either the PSI or from any other source would appear to require the court to go above the agreed low end of the written plea agreement. If punishment is the sole criteria, Robert has been in custody for nearly four months and is aware that he will be serving substantially more time in custody. Upon his release he will be supervised and remain under the jurisdiction of the Court and probation for several years after his release from incarceration.

While it is always difficult for the Court and counsel to determine a fair and reasonable sentence, this case presents compelling reasons for leniency. Robert understands and accepts the fact that he must serve a fairly lengthy sentence. He does have the opportunity and ability, upon his release, to be a good husband and father and a contributing member to the community. He is a bright individual. A 41 month sentence would serve as a deterrent to others, punish Robert for his crime and yet show the leniency and compassion to know that there is truly "light at the end of the tunnel". Having the hope that a future awaits him would serve both Robert and the system.

It is requested that this Court use its compassion and wisdom in crafting a sentence that will provide for all of the above. It is requested that based upon the plea agreement, Robert receive the lowest sentence permitted by law - 41 months. It is his anticipation that the Court will consider all of these matters when imposing the final sentence.

<div style="text-align:right">
Respectfully submitted,

LAW OFFICES OF NEAL R. LEWIS
Attorney for Robert Eskin
9130 South Dadeland Boulevard
Suite 1609 - II Datran Center
Miami, Florida 33156
Florida Bar No. 249599
(305) 254-2285
</div>

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Senencing Memorandum was sent by U.S. Mail to: Donald Chase, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33394 this 14th day of November, 2000.

<div style="text-align:right">
NEAL RANDOLPH LEWIS
</div>